# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

MARQUIS T. TOWNES,                                                    PETITIONER

v.                                                              No. 2:10CV77-P-D

MDOC, ET AL.                                                        RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Marquis T. Townes for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and Townes has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed as untimely filed.

### Facts and Procedural Posture

Marquis T. Townes pled guilty to aggravated assault in the Circuit Court of DeSoto County, Mississippi. He was sentenced on July 28, 2008, to serve a term of 117 days and placed on fifteen years post-release supervision under Mississippi Code Section 47-7-34, with five years of reporting post-release supervision under the control of the Mississippi Department of Corrections and ten years of non-reporting post-release supervision. Townes' post-release supervision was revoked by Order filed June 9, 2010. By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). A petition by Townes for post-conviction relief was received in the DeSoto County Circuit Clerk's Office on June 22, 2010, but that petition has not been filed, as Townes did not pay the filing fee or request to proceed as a pauper.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The claims raised by Townes in the instant petition challenge his guilty plea and the sentence imposed for aggravated assault, as opposed to the later revocation. As such, the limitations period began to run from the finality of judgment with regard to the plea and sentence, rather than the later revocation date. Townes' conviction thus became final on August 27, 2008, thirty days after he was sentenced on his guilty plea. *See Acker v. State*, 797 So.2d 966 (Miss. 2001)(criminal defendants attacking the validity of their sentences may appeal within thirty days of entry of judgment); *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003)(time to appeal must be added to date of judgment when calculating when a judgment becomes final for

*habeas corpus* purposes). Therefore, the deadline for Townes to file a federal *habeas corpus*

petition expired a year later on August 27, 2009. 28 U.S.C. § 2244(d). Townes did not file

a state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2)

on or before August 27, 2009; as such, he did not benefit from statutory tolling of the

limitations period. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v.

Johnson*, 158 F.3d 806 (5th Cir. 1998). As such, August 27, 2009, remained the deadline for

seeking federal *habeas corpus* relief.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus*

is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district

court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259

(5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing

*Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was

filed sometime between the date it was signed on April 1, 2010, and the date it was received and

stamped as "filed" in the district court on May 3, 2010. Giving the petitioner the benefit of the

doubt by using the earlier date, the instant petition was filed 217 days after the August 27, 2009,

filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to

warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will therefore

be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. §

2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 22nd day of September, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE